**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2009

No. 08-30666

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOHNNIE SIMS

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-297-3

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnnie Sims pled guilty to conspiracy to possess cocaine and marijuana with intent to distribute, conspiracy to murder a federal agent, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime or a crime of violence. On appeal, Sims argues that the factual basis supporting his guilty plea to possession of a firearm in furtherance of a drug trafficking crime or crime of violence was inadequate and that the district court erred in refusing to permit Sims to withdraw his guilty plea. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A superseding indictment charged Sims, Chris Walker, and another individual with engaging in a drug conspiracy involving the possession of cocaine and marijuana with intent to distribute. The indictment also alleged that Walker and Sims had conspired to murder a U.S. Drug Enforcement Administration agent.

The factual basis document was signed by Sims, his counsel, and the prosecutor. It established that Walker, who is Sims's cousin, was arrested for selling drugs. Sims spoke with Walker multiple times while Walker was in prison. The two men schemed to murder the DEA agent responsible for Walker's arrest. They believed that without the agent to testify against Walker, Walker would be released. DEA agents discovered the plan and conducted a sting operation. Sims met an undercover officer and attempted to hire him to kill the agent. On the day of his arrest, Sims gave the officer $1,000 as a down payment. After Sims was arrested, a loaded handgun and small quantities of marijuana and cocaine were found in Sims's vehicle. Sims spoke with authorities after his arrest and explained that Walker had been his source of drugs and that Sims was responsible for collecting money from members of Walker's drug trafficking organization to pay for the murder of the agent.

Sims first contends that the factual basis was inadequate to support his plea to possession of a firearm in furtherance of drug trafficking crime or crime of violence. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The factual basis for the guilty plea must appear in the record . . . and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006) (internal quotation marks and citation omitted). An indictment, if sufficiently specific, can serve as the sole source of the factual basis for a guilty plea. *United States v. Hildenbrand*, 527

2

F.3d 466, 475 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008). If an indictment is not sufficient to serve as the factual basis for a guilty plea, this court may examine the entire record to determine whether there was a factual basis for the defendant's plea. *United States v. Vonn*, 535 U.S. 55, 74-76 (2002).

Sims argues that the factual basis was inadequate because it did not show that the gun found in his car was used in furtherance of a drug trafficking crime or a crime of violence. A firearm is possessed in furtherance of a drug trafficking offense if it "furthers, advances, or helps forward the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000). Mere presence of a firearm is not enough. *Id.* at 414. The government is required to provide evidence "specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Id.* A nonexhaustive list of factors to be considered includes these:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 414-15.

A number of our precedents hold that possession of a firearm, including an unloaded one, in close proximity to a large amount of drugs is sufficient to show that a firearm was possessed in furtherance of a drug trafficking crime. *See, e.g.*, *United States v. Nunez-Sanchez*, 478 F.3d 663 (5th Cir. 2007); *United States v. Charles*, 469 F.3d 402 (5th Cir. 2006). The evidence here is that Sims left the gun in the car during his meeting with the supposed contract killer and did not carry it with him. There is no direct evidence that he ever used or carried the gun while selling drugs. The gun was found in the same car as a small amount of drugs that Sims argues was only for personal use. The factual basis does not describe the location of the gun in relation to the drugs or whether the gun was

easily accessible to Sims. It is from these gaps in the proof that Sims finds the factual basis to be deficient.

In considering his argument, we start with the fact that Sims did not object to the factual basis of his guilty plea. He concedes that our review is therefore for plain error. *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). Plain error review consists of four elements: (1) there must be an error; (2) the error must be clear or obvious; (3) the error must affect the appellant's substantial rights; and (4) when the first three requirements are met, "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citations omitted) (emphasis in original). Therefore, even if Sims can show that the district court erred in accepting his guilty plea, he must show that the error was plain.

For an error to be a plain one, it must be obvious; it is not enough that the error is "subject to reasonable dispute." *Id.* We have noted that "errors are plain if they are so conspicuous that the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them]." *United States v. Maldonado*, 42 F.3d 906, 912 (5th Cir. 1995) (internal quotation marks and citations omitted) (alterations in original). Even if the district court may have erred in accepting his guilty plea, the shortcomings in the factual basis were not so conspicuous that the trial judge and prosecutor were derelict in countenancing them. We are not faced with a written factual basis that affirmatively disproves some element of the offense. Instead, what the government might have been able to prove, or perhaps just prove better, was never demanded through a defense objection.

The district court did not plainly err in accepting Sims's guilty plea.

Sims also contends that the district court erred in refusing to permit him to withdraw his guilty plea. Sims pled guilty in November 2006. In April 2008, he filed a motion to withdraw his guilty plea. Sims argues that the court was aware of his desire to withdraw his plea in July 2007. Without holding a hearing, the district court denied Sims's motion to withdraw his guilty plea.

Following the district court's acceptance of his guilty plea, Sims did not have an absolute right to withdraw that plea. *See United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007). The court could have allowed withdrawal, however, if Sims had shown that his request was supported by a fair and just reason. *See* Fed. R. Crim. P. 11(d)(2). The district court has broad discretion in determining whether to permit a defendant to withdraw his guilty plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). A number of illustrative factors are considered in determining whether a fair and just reason has been shown:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id*. at 343-44 (citations omitted). If, applying the *Carr* factors, "a defendant has alleged facts that would justify relief, a court must hold an evidentiary hearing on the matter." *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007).

Sims's primary arguments supporting his motion to withdraw his guilty plea are that he has asserted his innocence to the drug conspiracy charges and that problems communicating with his defense counsel made his plea

involuntary. However, at his rearraignment, Sims responded affirmatively when he was asked whether he understood the charges and whether he had committed the acts as charged. "Solemn declarations in open court carry a strong presumption of verity," and Sims has not overcome that presumption. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, though Sims and his original defense counsel had disagreements, Sims agreed in court that he had discussed his case with his attorney and was satisfied with her services. Moreover, withdrawal would prejudice the government, which would have to prepare for a new trial on all four counts, including the one for conspiracy to commit murder, and Sims delayed filing his motion to withdraw his guilty plea for eighteen months. The district court did not abuse its discretion in denying Sims's motion to withdraw his guilty plea without providing a hearing.

The district court's judgment is AFFIRMED.